IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL HARRISON,

    Plaintiff,

    vs.                                                                                 1:21-cv-00395 KWR/JFR

WELLPATH, LLC, ENRIQUE BURSZTYN,
RADIOLOGY ASSOCIATES OF ALBUQUERQUE,
THE BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF CURRY, PRESBYTERIAN
HEALTHCARE SERVICES, INC., PETER DURSO, *MD,*
JOHN/JANE DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Second Motion for Leave to Amend Complaint (**Doc. 136**). Defendants Board of County Commissioners, Dr. Durso[1], and Wellpath, LLC[2] ("Wellpath") filed responses opposing the motion to amend. The Presbyterian Defendants did not file a response opposing the motion to amend. Having reviewed the parties' pleadings and the relevant law, the Court finds that Plaintiff's motion is not well taken and, therefore, is **DENIED** as explained below.

Plaintiff seeks leave to amend his complaint a second time to:

---

[1] Dr. Durso joined the other responses, but did not provide any specific reasons why the other parties' arguments applied to him. Therefore, the Court will not separately analyze his response.
[2] Wellpath, LLC has since settled, therefore the Court assumes amendments to add employees of Wellpath are no longer sought.

- name as defendants certain previously unknown employees of the County Defendants, including Correctional Officers Carl Dawson, John Macias, Taber Stanfield, Almedia Lewis, Salvatore Dahlin, and Lenay Tyler;
- Name as defendants employees of Defendant Wellpath, Jeff Connors, LPN and Pamela Bayes;
- Remove as Defendants employees of Presbyterian Health Services, Keisha Bradley, RN and Laci Hand, RN; and
- Amend the causes of action to establish with greater particularity the negligent acts of Defendants.

As to the six individual officers, employees of Curry County Detention Center, the Court concludes that amendment to add them as parties is not appropriate. As explained below, amendment is not appropriate under Fed. R. Civ. P. 15(a)(2), as (1) Plaintiff unduly delayed seeking leave to file an amended complaint, and (2) amendment would be futile. Plaintiff knew or should have known their identity sixteen months before the motion was filed, and Plaintiff has not provided an adequate explanation for the delay in amending the complaint to add them as defendants. Moreover, amendment to assert § 1983 claims asserting deliberate indifference against these six officers would be futile. Finally, Plaintiff has not demonstrated good cause for amending after the deadline to amend under Fed. R. Civ. P. 16.

Plaintiff also seeks to amend to name certain john doe defendants, employees of Wellpath. However, amendment to name certain individual employees Defendant Wellpath no longer appears necessary, as Plaintiff appears to have settled with Wellpath. Therefore, the Court will deny this request to amend without prejudice as moot. Moreover, Plaintiff has already voluntarily

dismissed with prejudice Keisha Bradley, R.N and Laci Hand, R.N. from this suit. *See* Docs. 30, 31. Therefore, amendment is not necessary to remove this from this case.

Finally, Plaintiff asserts he has alleged greater factual specificity to establish that Defendants were negligent. It is unclear whether this request is separate from his request to amend to add the individual defendants addressed above. Plaintiff does not appear to argue that amendment is necessary to overcome a challenge to the sufficiency of the complaint or to add a new claim or theory of relief. Plaintiff does not assert that Defendants have argued his claims or theories of relief are outside the scope of the complaint. Rather, Plaintiff seeks to add additional factual allegations to support existing claims, and he asserts he will also file a Rule 15(b) motion to conform the pleadings to the evidence. Therefore, the Court will deny Plaintiff's request to add greater factual specificity without prejudice.

## BACKGROUND

This is a medical injury case arising from alleged improper diagnosis of, or care for, a stroke while Plaintiff was detained at Curry County Detention Center. Plaintiff suffered a series of strokes on or about May 16-17, 2019. Plaintiff asserts claims against the following groups of defendants: (1) Curry County, which operated the detention center where he was detained; (2) Wellpath, the company contracted to provide medical services in Curry County Detention Center; (3) Presbyterian Health Services, LLC, its employees and related entities, where he was taken for medical treatment; (4) and Radiology Associates, related to his CT scan.

On May 16, 2019, while detained at Curry County Detention Center, Plaintiff was seen by Wellpath for severely elevated blood pressure. Doc. 136, at 14, ¶57. Plaintiff asserts that he had signs of a stroke, including elevated blood pressure, a headache, inability to feel his legs, inability to walk, dizziness, weakness, lethargy, and lack of coordinated movement. *Id.* Plaintiff alleges

that a Wellpath employee noted that Plaintiff was having a potential stroke. *Id.* at 14, ¶58. Plaintiff was taken to the emergency room, and was treated at a Presbyterian Health Services facility. Plaintiff alleges that he was evaluated by a Presbyterian doctor, and underwent a CT scan, which was interpreted by Radiology Associates. A radiologist allegedly reported normal findings. Plaintiff alleges that the doctors failed to identify his stroke. Plaintiff was treated for hypertension and discharged back to CCDC. Wellpath employees advised that he should be placed in a holding cell for medical observation. *Id.* at 15, ¶71.

Plaintiff's proposed amendments appear to focus on a time period of approximately 17 hours where he was allegedly in a holding cell for "medical observation." Plaintiff asserts that CCDC officers Dawson, Macias, Stanfield, Lewis, Dahlin, and Tyler failed to adequately monitor Plaintiff and alert medical personnel about his condition. On the morning of May 17, Plaintiff was found unresponsive in his holding cell and was returned to the hospital. It was determined that Plaintiff experienced a series of strokes.

On July 9, 2019, through an IPRA request to Curry County, Plaintiff received 426 pages of records, including shift reports, daily logs, Plaintiff's booking file, prior to filing his case. *See* Doc. 139 at 1, *Id.* at Ex. A, Ex. B.

On April 28, 2021, Plaintiff filed his first complaint for medical malpractice. Doc. 1. The Court set a deadline for December 8, 2021 to amend the complaint. Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines, Doc. 27. Plaintiff did not timely amend, and Plaintiff did not seek to extend the deadline. On April 6, 2022, Plaintiff was granted leave to file his first amended complaint, which added Enrique Bursztyn MD and Radiology Associates of Albuquerque PA as defendants. Plaintiff filed his motion for leave to file his second amended complaint on August 29, 2023.

## DISCUSSION

Plaintiff moves to amend his complaint. The deadline to amend was December 8, 2021, more than twenty months before the filing of this motion to amend. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). As explained below, the Court concludes that leave to amend is not appropriate under Fed. R. Civ. P. 15(a), due to (1) undue delay and (2) futility. Plaintiff has also not established good cause for amendment under Fed. R. Civ. P. 16(b)(4).

**I.**     **Fed. R. Civ. P. 15(a)(2).**

Defendants assert that leave to amend is not appropriate under Fed. R. Civ. P. 15(a)(2). The Court agrees. The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted). In the absence of one of these grounds, leave to amend should be freely given. *Triplett v. LeFlore Cty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. *State Distributor's, Inc. v. Glenmore Distilleries, Co.,* 738 F. 2d 405, 416 (10th Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The most important factor in deciding a motion to amend the pleadings is "whether the amendment would prejudice the nonmoving party." *Minter,* 451 F.3d at 1207; *cf. Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) ("Rule 15 was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." (alteration, quotation marks, and citation omitted)). "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quotation marks and citation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Here, the Court finds that amendment should not be granted under Rule 15(a), on the separate, alternate bases of (1) undue delay and (2) futility.

### A.     Amendment should be denied for undue delay.

Defendant Curry County asserts that the proposed amendment should be denied for undue delay. The Court agrees. "The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend." *ACC Consultants, Inc. v. Logistics Health, Inc., No*. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing *Minter*, 451 F.3d at 1205). However, denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West,* 3 F.3d 1357, 1365–66 (10th Cir.1993), *quoted in Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").

Plaintiff seeks to name Officers Dawson, Macias, Stanfield, Lewis, Dahlin, and Tyler, all correctional officers allegedly on shift in the area Plaintiff was housed. Here, Plaintiff was aware,

6

or should have been aware, of the identity and alleged actions of the six individual CCDC corrections officers on or around April 15, 2022, when the shift logs were provided in discovery. Doc. 139 at 2, Exhibit D.   Nevertheless, he did not file his motion to amend his complaint until August 29, 2023.  The Court finds that Plaintiff has not adequately explained the approximately sixteen-month delay.

Plaintiff has not demonstrated that identifying the officers from the shift logs produced on April 15, 2022 would take sixteen months. Notably, Plaintiff's proposed second amended complaint does not appear to identify any particular actions taken by the individual officers, but refers to them collectively.  Plaintiff may have simply named six officers who were on shift at the time and in the area Plaintiff was held, and allegedly had the duty to observe Plaintiff while he was in the holding cell. But his complaint does not identify any particular action taken *individually* by the six CCDC officers.  Therefore, it appears that the six officers could have been identified in the shift or staffing logs provided on April 15, 2022. Doc. 139 at 2, Exhibit D. However, Plaintiff did not file his motion for leave to file an amended complaint until August 29, 2023.  Plaintiff does not adequately explain the delay from the discovery disclosures to the filing of his amended complaint.  Plaintiff summarized how he identified the six CCDC officers as follows.  *See* Doc. 186 at 5.  Plaintiff asserts that he had to cross-reference the initials on the observation log with the last names on the staffing roster, and conduct People Searches to connect last name and first initial to a full first name to verify he was naming the correct defendants.  It appears that Plaintiff had everything he needed in discovery to identify the six CCDC officers no later than April 15, 2022.[3]

---

[3] Plaintiff does not identify any other documentary evidence necessary to identify the officers which produced after April 15, 2022.  Shift reports, daily logs, and booking files were produced on July 9, 2019.  *See* doc. 139 at 1-2, Exhibit B. In the initial disclosures, Defendant disclosed 1274 pages of records, including his entire confinement record.  Doc. 139 at 2, Exhibit C.  On April 15, 2022, Defendant disclosed the shift reports which contained the name of officers on shift during Plaintiff's period of incarceration.  Doc. 139-2 at 2, exhibit D.  It appears, therefore, that all documents necessary to determine the officers' identity were disclosed no later than April 15, 2022.  Plaintiff does not state that any subsequent document discovery was provided, or when it was provided.  Although Plaintiff

7

It is unclear why this cross-referencing identified by Plaintiff would take sixteen months to complete. The Court finds that Plaintiff does not provide an adequate explanation for the approximately sixteen-month delay between the receipt of the shift logs and the filing of the motion to amend complaint. Therefore, the Court denies Plaintiff's motion for undue delay.

> **B. Alternatively, amendment to add six CCDC corrections officers as individual defendants is futile.**

Alternatively, amendment to add the six individual CCDC officers would be futile. As relevant here, Plaintiff seeks to amend the complaint to add six CCDC corrections officers who allegedly were on shift while Plaintiff was in a holding cell for medical observation. Plaintiff asserts they violated his federal constitutional rights, including his Fourteenth Amendment right to due process and right to medical care. Both claims appear to be analyzed under the Eighth or Fourteenth Amendment deliberate indifference standard.

The Court assumes both claims are addressed under the same test, the right to be free from deliberate indifference to a substantial risk of harm.[4] "The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause." *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). "In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (quotations omitted). "The deliberate indifference standard has objective and subjective components." *Id.* at 992 (brackets and quotations omitted). "The objective component of deliberate indifference is met if the harm suffered rises to a level

---

asserts he conducted later depositions, he asserts none of those depositions were useful in identifying the six CCDC officers. Therefore, the Court assumes the last documentary discovery was provided April 15, 2022.

[4] Count II differs from Count I in that it also alleges that Defendants had a custom, policy, or practice of acting knowingly and with deliberate indifference in denying obvious medical services to detainees. But here, Plaintiff does not allege that the six individual CCDC Defendants promulgated a policy or custom.

sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* (quotations omitted). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki*, 762 F.3d at 1192-93 (quotations omitted).

At issue here appears to be the subjective component. "To prevail on the subjective component, the prisoner must show that the defendant[ ] knew [the prisoner] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted), *quoted in Castillo v. Day*, 790 F.3d 1013, 1021 (10th Cir. 2015). To satisfy the subjective component, the plaintiff must show the official 'knows of and disregards an excessive risk to inmate health or safety.' " *Burke*, 935 F.3d at 992 (quoting *Farmer*, 511 U.S. at 837). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Burke*, 935 F.3d at 992.

Here, Plaintiff has not alleged facts plausibly alleging that any of the six individual CCDC officers were subjectively aware of a substantial risk of harm and disregarded that risk. At issue here is an approximately 17-hour period while Plaintiff was in a holding cell for medical observation. Plaintiff alleges that he was examined by at least two sets of medical professionals (one at a Presbyterian hospital, and again by Wellpath employees) who allegedly failed to identify his stroke. He was subsequently placed in a holding cell for medical observation after being treated for hypertension. "Prison officials generally may rely on the advice and course of treatment prescribed by medical personnel." *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1265 (10th Cir. 2022). Here, Plaintiff alleges that he was seen by multiple medical personnel, who also

9

apparently failed to recognize his symptoms as symptoms of a stroke, and instead treated him for hypertension.

Rather, Plaintiff has alleged that the individual CCDC defendants "failed to recognize" he was having a stroke or "failed to monitor" Plaintiff, which does not suggest they were subjectively aware of a substantial risk of harm and disregarded it. *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009) ("The Supreme Court has cautioned that an inadvertent failure to provide adequate medical care does not rise to a constitutional violation."), Doc. 139, Exhibit A at 16, ¶¶ 76, 79; *see also Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1264 (10th Cir. 2022).

Plaintiff does not allege that he told the officers he was having a medical emergency or needed to see medical staff. He does not plausibly allege which of the individual CCDC officers were aware of the symptoms, or that they knew of and disregarded a substantial risk of serious harm to Plaintiff and disregarded it.

Plaintiff states that when asked how he was doing, he stated "not good", and a corrections officer stated "too bad, you have no choice." Doc. 136 at 17, ¶ 80. But Plaintiff did not state that he asked for medical attention, or told the six CCDC corrections officers that he was suffering a medical emergency. Moreover, this statement is not attributed to any specific officer, and as explained below, under § 1983 individual officers may not be held collectively liable based on the actions of another individual.

"Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Brown*, 662 F.3d at 1163. (internal quotations omitted). Here, Plaintiff has not asserted factual allegations plausibly showing that each individual CCDC officer was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and they drew that inference. Plaintiff does not allege what each individual officer is alleged

to have done to violate his Fourteenth Amendment rights. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (Where there are multiple defendants, "a plaintiff must show that each defendant acted with the requisite state of mind."), *citing Dodds,* 614 F.3d at 1200 (noting that *Iqbal* (which concerned *Bivens* liability) and § 1983 require plaintiffs to prove that "each defendant took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation").

Plaintiff alleges the actions of the six individual CCDC officers collectively, without explaining what actions each took to violate his constitutional rights. Under § 1983, an individual officer may only be liable for their own individual actions, and not the actions of others. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *Mayfield v. Presbyterian Hosp. Admin.,* 772 F. App'x 680, 686 (10th Cir. 2019) ("And an officer would not know, on the basis of Mayfield's generalized allegations, what wrongdoing he or she is alleged to have committed."). Where multiple defendants are involved, "it is particularly important" that plaintiff "make clear exactly *who* is alleged to have done *what* to *whom,* ... as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). Here, Plaintiff alleges that the six individual CCDC defendants collectively violated his Fourteenth Amendment right, but does not explain the specific actions each individual CCDC defendants took to violate his rights. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his right").

Therefore, the Court concludes that amendment to assert § 1983 claims against the six individual CCDC officers would be futile.

**II.    Alternatively, the amendment to add the six Curry County corrections officers does not relate back and the statute of limitations bars amending the complaint to add these defendants.**

Alternatively, Plaintiff's motion to amend should be denied as the addition of the six CCDC officers does not relate back and is therefore barred by the statute of limitations. Plaintiff previously asserted claims against john or jane doe employees of Curry County as defendants. Identifying john doe defendants is equivalent to naming new parties. *Garrett v. Fleming,* 362 F.3d 692, 696 (10th Cir.2004).

It appears to be undisputed that Plaintiff's motion for leave to file an amended complaint was filed outside of the statute of limitations. Therefore, Plaintiff may only amend to add the six officers as defendants if the amended complaint relates back to original complaint under Fed. R. Civ. P. 15(c). Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading"; when it does relate back, the amended pleading itself is "timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

Where an amended pleading changes a party or a party's name, Rule 15(c) requires, among other things, that "within the period provided by [Fed. R. Civ. P.] 4(m) for serving the summons and complaint, the party to be brought in by amendment... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. In other words, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not

12

what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548. The focus is on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Id.* at 554.

Here, based on the allegations in the prior complaints, the Court does not believe that the six CCDC officers "knew or should have known" that the action would have been brought against it, but for a mistake concerning the proper party's identity. Specifically, there are no facts in the prior complaints which would alert an officer that the action would have been filed against them if Plaintiff had known their names. The prior complaints do not describe any specific actions taken by the six officers which would give rise to a claim. Therefore, the facts asserted in the prior complaints would not have alerted a defendant that a complaint would have been filed against them. Although Plaintiff generally asserted that some john does failed to provide adequate medical care, he did not describe their actions with particularity, which would give notice to the john doe defendant that their actions caused the alleged injury.

### III. **Plaintiff has not demonstrated good cause to modify the scheduling order under Fed. R. Civ. P. 16(b)(4).**

Because the scheduling order deadline for amending pleadings has passed, Plaintiff must also meet the requirements of Rule 16(b)(4). Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d at 1240. The rule "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010) ("Properly construed, 'good cause' means that scheduling deadlines cannot

be met despite a party's diligent efforts."). "The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend." *ACC Consultants, Inc. v. Logistics Health, Inc.*, No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing *Minter*, 451 F.3d at 1205 (internal quotation omitted)). "However, denial of a motion to amend is appropriate if the movant does not provide an adequate explanation for the delay." *Id.*

Good cause "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quotations omitted). Rule 16's good-cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch,* 771 F.3d at 1240. The amended claims are barred, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [the] claims." *Id.* "[I]f the movant fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether the movant has satisfied the requirements of Rule 15(a)." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).

As explained above, Plaintiff has not provided an adequate explanation, or good cause, for delaying filing a motion for leave to amend the complaint for sixteen months after receiving the necessary discovery documents.  Although Plaintiff apparently received all necessary documents to identify the individual corrections officers on April 15, 2022, Plaintiff did not file a motion for leave to amend the complaint to add those defendants until August 29, 2023. Although it took some work from that discovery to identify the officers, Plaintiff has not demonstrated it would take sixteen months to identify the officers.  Because Plaintiff has not provided an adequate explanation for the delay, he has not established good cause to modify the scheduling order.

**IV.** **Other grounds for amendment are moot and denied without prejudice.**

As explained above, Plaintiff's remaining reasons to amend now appear to be moot. Plaintiff has settled with Wellpath, LLC, therefore it appears Plaintiff would no longer seek to amend to join individual employees of Wellpath as defendants. Moreover, there is no need to amend to remove two employees of Presbyterian, Keisha Bradley, RN and Laci Hand, RN as they have already been dismissed with prejudice from the case.

Plaintiff also seeks to amend the complaint to allege with further specificity the negligent acts of Defendants. But Plaintiff asserts he intends to file a motion to conform the evidence to the pleadings. Plaintiff has not asserted that the Defendants challenge the sufficiency of Plaintiff's allegations, or that Defendants assert that Plaintiff's claims or theories of relief are outside the scope of the complaint.

Therefore, these requests are denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Leave to Amend Complaint (**Doc. 136**) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE